UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-CV-00009-GNS

PEP-WKU, LLC;
CAMPUS POINTE OWNER, LLC;
THE CROWN APARTMENTS, LLC; and
BROOKSIDE KENTUCKY, LLC                                                      PLAINTIFFS

v.

UNITED STATES POSTAL SERVICE; and
ANDREA FORSYTHE, in her official capacity
as Postmaster                                                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (DN 12) and Plaintiffs' Motion for Preliminary Injunction (DN 3). The motions are ripe for adjudication. For the reasons that follow, Defendants' motion is **GRANTED** and Plaintiffs' motion is **DENIED**.

### I.     BACKGROUND

Plaintiffs are the owners of privately owned and operated multi-unit apartment complexes. (Compl. ¶¶ 9-14, DN 1). Plaintiffs assert that Defendant United States Postal Service ("USPS") recently changed its method of delivery from placing individual tenants' mail into those tenants' individual mail receptacles to delivering bins of unsorted mail to Plaintiffs' apartment complex offices, thereby forcing Plaintiffs to do the sorting. (Compl. ¶¶ 16-17).

Plaintiffs seek a declaratory judgment and a permanent injunction to enjoin the USPS[1] from delivering mail in unsorted bulk and to force the USPS to deliver mail individually to the tenants.

---

[1] Although Plaintiffs have also brought this action against Defendant Andrea Forsythe ("Forsythe"), they have done so only in Forsythe's official capacity as local postmaster, which is simply another way of asserting claims against the USPS. *Guest v. United States*, No. 5:13-CV-283-CAR-CHW, 2014 WL 2881958, at *2 (M.D. Ga. June 25, 2014) ("Plaintiff's lawsuit against

1

(Compl. ¶¶ 23-35). In conjunction with their Complaint, Plaintiffs have moved for a preliminary injunction pursuant to Fed. R. Civ. P. 65(a) seeking the same remedy. (Pls.' Mot. Prelim. Inj. 1, DN 3). The USPS has responded to Plaintiffs' motion and has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Def.'s Resp. Pls.' Mot. Prelim. Inj., DN 13; Def.'s Mot. Dismiss, DN 12).

## II.  STANDARD OF REVIEW

To survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. When considering a defendant's motion to dismiss, the Court will "accept all the [plaintiff's] factual allegations as true and construe the complaint in the light most favorable to the [plaintiff]." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (citation omitted).

## III.  DISCUSSION

This dispute boils down to one question: Who is responsible for sorting the tenants' mail once the mail is delivered to the apartment complexes in bulk—the USPS or Plaintiffs? The problem with Plaintiffs' lawsuit is that Plaintiffs allege mail service inadequacy, which cannot

---

the [local] Postmaster, in her official capacity, is deemed to be a lawsuit against her agency, the United States Postal Service, who Plaintiff has also sued in this action." (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)).

form the basis for a private right of action in this Court. *See* (Compl. ¶ 1 ("This action arises out of the [USPS's] refusal to properly deliver the mail to Plaintiffs' apartment complexes.")).

Plaintiffs have proffered no argument warranting departure from countless decisions of courts holding that the exclusive remedy for an individual or entity complaining about the USPS's mail delivery service lies in 39 U.S.C. §§ 3662 and 3663. These statutes require filing an administrative complaint with the Postal Regulatory Commission and, if an unsatisfactory ruling is given, an appeal to the United States Court of Appeals for the District of Columbia. *See, e.g., Erickson v. U.S. Post Office*, 250 F. App'x 757, 757-58 (8th Cir. 2007) ("[Plaintiff] appeals from the district court's dismissal of his . . . complaint in which he alleged that the United States Postal Service . . . wrongfully refused to deliver his mail or hold it for pick-up. . . . [W]e conclude that the district court properly dismissed Erickson's complaint for lack of subject-matter jurisdiction because the Postal Regulatory Commission has exclusive jurisdiction over [Plaintiff]'s claims regarding postal . . . services." (citations omitted)); *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 800 (8th Cir. 2006) ("[I]n enacting the [Postal Reorganization Act], it is 'fairly discernable' that Congress intended to remove consideration of postal service complaints from the courts altogether." (citation omitted)); *Bovard v. U.S. Post Office*, 47 F.3d 1178, 1995 WL 74678, at *1 (10th Cir. 1995) (affirming dismissal of plaintiff's complaint regarding "the postmaster's decision to change the mail service at their place of business from morning delivery to afternoon delivery" because "[t]he language of section 3662 makes clear that a postal customer's remedy for unsatisfactory service lies with the Postal Rate Commission, and that Congress did not intend to create a private right of action for service complaints." (citations omitted)); *Powell v. U.S. Postal Servs.*, No. 15-12913-FDS, 2016 WL 409672, at *2 (D. Mass. Feb. 2, 2016) ("[I]t does not appear that this Court has subject-matter jurisdiction to hear plaintiff's complaint, which in substance is a

complaint about the poor quality of General Delivery service at the . . . post office."); *Ahmad v. United States*, No. 14-cv-02906-PAB-CBS, 2015 WL 4528142, at *2 (D. Colo. July 6, 2015) ("Plaintiff's complaint has alleged a customer service related claim arising out of Defendant's alleged failure to deliver Plaintiff's son's green card to the proper address. The court, however, lacks jurisdiction to adjudicate this claim because a postal customer's exclusive remedy for unsatisfactory service lies with the Postal Regulatory Commission."); *Price v. U.S. Postal Serv.*, No. 1:13-cv-1194, 2014 WL 3704286, at *2 (W.D. Mich. July 24, 2014) ("Here, plaintiff's complaint has alleged a customer service related claim arising from defendant's failure to deliver the items to the Philippines. The Court lacks jurisdiction to adjudicate this claim because a postal customer's exclusive remedy for unsatisfactory service lies with the Postal Rate Commission."); *Nolen v. U.S. Postal Serv.*, No. 5:11-cv-114, 2013 WL 660153, at *8 (D. Vt. Feb. 22, 2013) ("Courts have held that, pursuant to [39 U.S.C. § 3662(a)], complaints regarding postal delivery service must be addressed to the Postal Regulatory Commission." (citations omitted)); *Naskar v. United States*, 82 Fed. Cl. 319, 322 n.1 (Fed. Cl. 2008) ("To the extent that plaintiff's claim could be construed as a service complaint against the United States Postal Service, the Postal Rate Commission . . . has exclusive jurisdiction over it." (citations omitted)); *Shelby Res., Inc. v. U.S. Postal Serv.*, 619 F. Supp. 1546, 1548-49 (S.D.N.Y. 1985) (holding that a hearing by the Commission and potential review in a United States Court of Appeals is "the sole remedy for a user of postal services [in this case a business] who is not receiving adequate service . . . ."); *Tedesco v. U.S. Postal Serv.*, 553 F. Supp. 1387, 1391 (W.D. Penn. Jan. 17, 1983) ("[T]he Postal Reorganization Act does not create a private right of action for alleged service inadequacies.").[2]

---

[2] Although some courts treat the grounds for dismissal as a lack of subject matter jurisdiction while others dismiss for failure to state a claim, the result—dismissal—is the same. Additionally, although 39 U.S.C. § 3662 was amended in 2006, the exclusiveness of the Postal Regulatory

Pursuant to the plethora of authority holding that this Court lacks jurisdiction over the subject matter of Plaintiffs' Complaint regarding the adequacy of service by USPS, this matter must be dismissed.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. Defendants Motion to Dismiss (DN 12) is **GRANTED**, and Plaintiffs' claims against Defendants are **DISMISSED**. The Clerk is directed to strike this matter from the active docket.

2. Plaintiff's Motion for Preliminary Injunction (DN 3) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

April 30, 2020

cc: counsel of record

---

Commission's jurisdiction over service complaints did not change from the prior to the current version of that statute, as evidenced by the post-2006 cases cited above.